**ALYESKA PIPELINE SERVICE COMPANY and M–K River, Plaintiffs-Appellees,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL 959, an unincorporated association, Defendant-Appellant.**

No. 75–3144.

United States Court of Appeals, Ninth Circuit.

April 16, 1976.

As Amended on Denial of Rehearings and Rehearing In Banc July 28, 1976.

Lee S. Glass (argued), of Johnson, Christenson & Shamberg, Anchorage, Alaska, for defendant-appellant.

Clifford J. Groh (argued), of Groh, Benkert & Walter, Anchorage, Alaska, for plaintiffs-appellees.

OPINION

Before CHAMBERS, MERRILL and KENNEDY, Circuit Judges.

PER CURIAM:

The union appeals the district court's order of September 12, 1975, granting a preliminary injunction restraining Local 959, its officers, employees, agents and members, from participating in any strikes, slowdowns, or other economic action against Alyeska.

■ Appellant challenges the district court's jurisdiction to issue the injunction under *Boys Markets, Inc., v. Retail Clerk's Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), but we need not reach those issues. We conclude, instead, on the basis of this record, that the acts that culminated in the incident in this case were not of a nature that suggests any union intent for repetition in the future. Thus, they form an insufficient basis for any protracted injunction under 29 U.S.C. § 107(a), particularly an injunction of the breadth of the present one which by its nature extends to all the many and varied disputes, of an entirely different nature, that may arise between the parties in the future.

■ We consider the threat has now become moot. And, a case or controversy necessary for jurisdiction requires a live issue—something more than whether the injunction should have been entered.

Our disposition not being on the merits, if the controversy rekindles, the parties may start over again in district court.

Remanded for dismissal of the injunction proceedings.